# BALDASSARE & MARA, LLC
### Attorneys at Law

<u>**VIA ECF**</u>

May 18, 2012

Honorable Noel L. Hillman, U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      Re:    <u>*Tranen Capital Alternative Investment Fund, Inc., et al. v. Sovereign Bank, et al.*, **Case No. 11-cv-07591 (NLH-AMD)**</u>

Dear Judge Hillman:

     This firm, along with Arent Fox LLP, represents Plaintiffs Tranen Capital Alternative Investment Fund, Ltd. and The Leo Group, LLC (collectively "Plaintiffs") in the above-referenced matter. Weir & Partners LLP represents Defendants Sovereign Bank ("Sovereign"), Kimberly Hicks-Finnerty ("Finnerty"), and Edward A. Green ("Green," and, together with Sovereign and Finnerty, the "Defendants"). On March 26, 2012, Sovereign moved to dismiss Plaintiffs' Second Amended Complaint (ECF No. 12). Plaintiffs opposed the motion on May 7, 2012 (ECF No. 22). On May 14, 2012, Sovereign filed its reply brief (ECF No. 25).

     Plaintiffs write this letter to alert the Court to the fact that Sovereign's reply inappropriately attached a document outside of the pleadings. This Court should reject the extraneous material attached to Sovereign's reply brief. *See Pryor v. NCAA*, 288 F.3d 548, 559 (3d Cir. 2002); *Hawkins v. Feder*, 07-CV-4005 (WJM), 2008 WL 3192973 (D.N.J. Aug. 5, 2008). If this Court accepts the extraneous material, Sovereign's motion must be converted into one for summary judgment. *El-Bey v. Peer*, CIV 05-3765 FLW, 2006 WL 2805281 (D.N.J. Sept. 28, 2006).

     Here, Sovereign attached a copy of its notary policy as Exhibit A to the reply. Not only did Sovereign fail to attach the exhibit to an attorney certification, it has referred to matters outside of the pleadings, thus converting the motion to dismiss into a motion for summary judgment. *See Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir.1999) (stating that a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice).

     However, once a Court converts a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56, a party must be put on notice so that it can exercise its right to oppose summary judgment. *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989); *Crown Cent. Petroleum Corp. v. Waldman*, 634 F.2d 127, 129 (3d Cir. 1980). If the Court considers extraneous evidence

submitted by the defense, it must afford Plaintiffs an opportunity to respond and refute the evidence. Plaintiffs were not previously provided with a copy of Sovereign's notary policy. Thus, Plaintiffs were not "on notice of the contents of the document." *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993). Further, because Sovereign did not style its motion as a motion for summary judgment, and only raised this extraneous material in its reply brief, Plaintiffs had no notice of or an opportunity to submit materials admissible in a summary judgment context.

Of course, as addressed in Plaintiffs' opposition brief, summary judgment is not appropriate at this time, as no discovery has taken place. *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J.2000) (holding that a court should not convert a motion to dismiss into a motion for summary judgment if little or no discovery has occurred); *Hawkins v. Feder*, 07-CV-4005 (WJM), 2008 WL 3192973 (D.N.J. Aug. 5, 2008). Therefore, this Court should decline to consider the Sovereign notary policy attached to Sovereign's reply brief.

In any event, even if this Court exercises its discretion and considers the extraneous document, Sovereign's notary policy supports Plaintiff's position, as set forth in its opposition brief, that Defendants Finnerty and Green notarized the documents at issue in their capacities as Sovereign employees. Indeed, the notary policy provides that each Sovereign branch is required to maintain at least one commissioned notary public on staff. *See* Reply Exh. A at 4. Furthermore, the policy requires that each Sovereign notary understand and comply, not only with applicable state law, but also with "Bank policy as outlined within this document." *Id.* The document further requires each branch notary to "maintain her own active register, and where applicable, follow her *additional* state requirements for recording notarial transactions." *Id.* at 8.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Respectfully submitted,

*Jennifer Mara*

Jennifer Mara

cc:   Walter Weir, Esq.