WEIR & PARTNERS LLP
A Pennsylvania Limited Liability Partnership
By:     Walter Weir, Jr., Esquire
        Emily A Busch, Esquire
        WWeir@weirpartners.com
        EBusch@weirpartners.com
Attorney Id. Nos. 23137 / 311569
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA  19107
(215) 665-8181
(215) 665-8464 (fax)                    Attorneys for Defendants and Third Party Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD. AND THE LEO GROUP, LLC,<br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>SOVEREIGN BANK, KIMBERLY HICKS-FINNERTY, AND EDWARD A. GREEN<br>　　　　　Defendants | Civil Action No. 11-cv-7591 (NLH)(AMD) |
| SOVEREIGN BANK, N.A., KIMBERLY HICKS-FINNERTY AND EDWARD A. GREEN<br>　　　　　Third Party Plaintiffs,<br><br>　　　　　v.<br><br>ANTHONY FAIOLA AND DAVID CHALMERS<br>　　　　　Third Party Defendants. | THIRD PARTY COMPLAINT OF SOVEREIGN BANK, N.A. DIRECTED TO ANTHONY FAIOLA AND DAVID CHALMERS |

Sovereign Bank, N.A. ("Sovereign") hereby files this Third Party Complaint Against

David Chalmers and Anthony Faiola (collectively "Third Party Defendants"), and in support

thereof, avers:

## THE PARTIES

1. Defendant/Third Party Plaintiff Sovereign is a national banking association with an address at 824 North Market Street, Suite 100, Wilmington, DE 19801.

2. Upon information and belief, Third Party Defendant Anthony Faiola ("Faiola") is an adult individual who resides or maintains an address at 721 Beachwood Avenue, Cherry Hill, NJ 08002.

3. Upon information and belief, Third Party Defendant David Chalmers ("Chalmers") is an adult individual with an address of 323 Haddon Avenue, Westmont, New Jersey 08108.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims set forth in this Third-Party Complaint pursuant to 28 U.S.C. § 1332 in that Sovereign is a citizen of Delaware, Faiola and Chalmers are citizens of New Jersey, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims asserted in this Third Party Complaint occurred in this judicial district.

## COUNT I
## COMMON LAW CONTRIBUTION AND INDEMNIFICATION

6. On February 8, 2012, Tranen Capital Alternative Investment, LTD ("Tranen") and The Leo Group, LLC ("Leo") (collectively "Plaintiffs") filed their Second Amended Complaint (the "Complaint") against Sovereign and Sovereign's two notary-employees, Kimberly Hicks-Finnerty and Edward Green (collectively "Defendants"). A true and correct

copy of the Complaint is attached hereto as "Exhibit A" and incorporated by reference as though set forth at length herein.

7. Plaintiffs claim that the Defendants violated statutory notary requirements by (a) notarizing the purported signature of William M. Kwasnik for LSBP on the Purchase Agreement outside of Kwasnik's presence as a favor to Sovereign customer Anthony Faiola; (b) backdating documents including the Letter as a favor to Sovereign customer David Chalmers; and (c) making "other inappropriate concessions" to assist Defendants' customers.

8. In Count One of their Complaint, Plaintiffs assert claims of fraudulent misrepresentation against all Defendants based on the notarization of W. Kwasnik's signature on the Purchase Agreement and the Chalmers Letter. Sovereign's alleged liability in Count One is based exclusively on a theory of *respondeat superior*.

9. In Count Two, Plaintiffs charge all Defendants with negligence for (a) Hicks-Finnerty's alleged notarization of W. Kwasnik's signature on the Purchase Agreement; (b) Hicks-Finnerty and Green's alleged backdating of their notarizations of the Chalmers Letter; (c) alleged violations of the New Jersey notary statute and manual; (d-e) alleged failure of Sovereign to supervise and train Hicks-Finnerty and Green; (f) alleged failure to maintain adequate records in notary logs; and (g) Sovereign's alleged "encouragement or willful indifference" to the Notaries' purported violation of the New Jersey notary statute and manual.

10. In Count Three, Plaintiffs again allege that Sovereign is liable for failing to properly train and supervise the Notaries and for failing to maintain adequate records in their respective notary logs.

11. Sovereign denies all the allegations in the Complaint and incorporates herein by reference its Motion to Dismiss, attached hereto as Exhibit "B".

12.     If the allegations of Plaintiffs' Complaint are true, which Sovereign denies, then Third Party Defendants are alone liable to Plaintiffs and/or are liable over to Sovereign for indemnify and/or contribution for all losses incurred or suffered by Plaintiffs.

13.     If the allegations of Plaintiffs' Complaint are true, which Sovereign denies, then the Third Party Defendants would have acted in willful and wanton bad faith in asking the notaries to notarize signatures which were know by them to be false and fraudulent.

WHEREFORE, in the event that Sovereign is held liable to Plaintiffs, then Sovereign demands judgment over and against Third Party Defendants, Anthony Faiola and David Chalmers, for the full amount of any such loss, or for indemnity and/or contribution, together with costs of suit, attorney's fees, and for such other relief as this Court deems just and proper.

                                  WEIR & PARTNERS LLP
                                  A Pennsylvania Limited Liability Partnership


                                  By: /s/ Walter Weir, Jr., Esquire
                                        Walter Weir, Jr., Esquire

Dated:  May 31, 2012