Daniel P. Bernstein, Esquire
CALZARETTO & BERNSTEIN, LLC
459 Route 38 West
Maple Shade, New Jersey 08052
Attornet I.D. # DPB-0221
(856) 667-0400 Telephone
(856) 667-1477 Facsimile
Attorneys for Third-Party
Defendant David Chalmers

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., and THE LEO GROUP, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>SOVEREIGN BANK, N.A., KIMBERLY HICKS-FINNERTY, and EDWARD A. GREEN,<br><br>    Defendants,<br><br>v.<br><br>ANTHONY FAIOLA, and DAVID CHALMERS,<br><br>    Third-Party Defendants. | Civil Action No. 11-cv-O7591 (NLH) (AMD)<br><br>THIRD-PARTY DEFENDANT, DAVID CHALMERS ANSWER TO THIRD-PARTY COMPLAINT FILED BY SOVEREIGN BANK, N.A., KIMBERLY HICKS-FINNERTY and EDWARD A. GREEN |

Third-Party Defendant, DAVID CHALMERS, by way of Answer to the Third-Party Complaint of Defendant, SOVEREIGN BANK, N.A., KIMBERLY HICKS-FINNERTY, and EDWARD A. GREEN, hereby avers and says as follows:

THE PARTIES

1. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

2. Admitted.

3. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

## JURISDICTION AND VENUE

4. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

5. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

## COUNT I: COMMON LAW CONTRIBUTION AND INDEMNIFICATION

6. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

7. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs. To the extent that this allegation pertains to Third-Party Defendant Chalmers's actions, it is denied as stated.

8. The allegations of these paragraphs call for a legal conclusion to which no answer is required. To the extent a further answer is required, the answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

9. The allegations of these paragraphs call for a legal conclusion to which no answer is required. To the extent a further answer is required, the answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

10. The allegations of these paragraphs call for a legal conclusion to which no answer is required. To the extent a further answer is required, the answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving DefendantiThird-Party Plaintiff to their proofs.

11. The answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

12. The allegations of these paragraphs call for a legal conclusion to which no answer is required. To the extent a further answer is required, the answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs.

13. The allegations of these paragraphs call for a legal conclusion to which no answer is required. Moreover, the answering Third-Party Defendant Chalmers is without sufficient knowledge information or belief as to the truth of the allegations of this paragraph, and therefore denies the same, leaving Defendant/Third-Party Plaintiff to their proofs. To the extent that this allegation pertains to Third-Party Defendant Chalmer's actions, it is denied as stated.

WHEREFORE, Third-Party Defendant Chalmers demands that the instant count be dismissed with prejudice, and that he be awarded attorney fees, costs, and such other relief as this Honorable Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and the answering Third-Party Defendant Chalmers reserves the right to file a motion to dismiss same on that ground.

### SECOND AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's actions in this matter constitute an abandonment of their claims against the Third-Party Defendant Chalmers.

### THIRD AFFIRMATIVE DEFENSE

The action is barred by the Doctrines of Waiver, Estoppel, Unclean Hands and Laches.

### FOURTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of legal and equitable fraud in the inducement.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's action is barred by their breach of contract with Third-Party Defendant Chalmers.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff failed to mitigate their damages and/or their damages are subject to set-off.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's damages, if any, resulted from their own unlawful actions.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's claims are barred by the Statute of Limitations.

## NINTH AFFIRMATIVE DEFENSE

The Defendant/Third-Party Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## TENTH AFFIRMATIVE DEFENSE

The answering Third-Party Defendant Chalmers denies any wrongful act whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged damages, if any, were caused by the superseding and/or intervening acts, omissions and/or negligence of a third-party, and/or parties over whom the answering Third-Party Defendant Chalmers has no control, and therefore, the answering Third-Party Defendant is not liable for such alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

The conduct of the answering Third-Party Defendant Chalmers was not negligent, willful, malicious, improper, and/or fraudulent, and at no time did the answering Third-Party Defendant engage in any concealment of relevant and/or material facts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should the complaint be read to include a demand for punitive damages, the claims as they pertain to a demand for punitive damages fail to meet statutory and/or common law requirements to support such a claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims are de minimis, transient, and/or speculative, and therefore, are not cognizable at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

The answering Third-Party Defendant Chalmers hereby reserves the right to add additional separate defenses based upon pretrial discovery and trial testimony.

/s/ _____
DANIEL P. BERNSTEIN, ESQ.                     DATED: July 3, 2012


CALZARETTO & BERNSTEIN, LLC
Attorneys for Third-Party Defendant,
David Chalmers